# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TALMITCH L. JACKSON,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06 C 5267 ) |
| **CITY OF CHICAGO,** | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Talmitch L. Jackson has filed a four-count complaint against defendant the City of Chicago ("the City") alleging discrimination in violation of the Americans with Disability Act ("ADA") (Count I); retaliation in violation of the ADA (Count II); retaliation in violation of First Amendment (Count III); and retaliation under the Equal Protection clause (Count IV). Defendant has brought a motion to dismiss counts I, III and IV of the complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6). For the following reasons, the motion to dismiss is granted in part and denied in part.

I.

As alleged in the complaint, plaintiff sustained multiple gunshot wounds during the course of his employment as a police officer for the City in 1994. These wounds forced him to go on long-term disability status and, in 1996, to undergo extensive abdominal surgery. Plaintiff also suffered a stroke during his

surgery. To date, plaintiff continues to be on long-term disability.

In March 2003, plaintiff became a named plaintiff in a class action lawsuit against the Fraternal Order of Police ("FOP") and various other defendants regarding the alleged misuse, mishandling, and inappropriate disbursement of millions of dollars of donations collected from the public on behalf of plaintiff and other Chicago Police Officers in 1998. The FOP is the sole and exclusive collective bargaining representative for all sworn Chicago Police Officers. Since then, the City is alleged to have denied plaintiff's requests for medical treatment, refused to approve requests for necessary medical treatment and medication, and refused to pay his medical bills. The complaint alleges these requests were identical to previously submitted requests, pre-dating the class action lawsuit, which had been routinely granted.

II.

In assessing defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). I must view the allegations in the light most favorable to plaintiff. *Id*. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007).

III.

A. Count I: Discrimination under the ADA.

Defendant moves to dismiss plaintiff's ADA discrimination claim on the grounds that plaintiff is no longer employed by the City and that he is not qualified under the ADA. "To make out a [discrimination] claim under the ADA, an individual must show: 1) that [he] is disabled; 2) that [he] is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) that the employer took an adverse job action against [him] because of [his] disability or failed to make a reasonable accommodation." *Stevens v. Illinois Dep't Of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000).

At the outset, I must reject defendant's first argument concerning plaintiff's employment status for the complaint specifically alleges that plaintiff is employed by the City and I must take this as true. Furthermore, defendant appears to have abandoned this argument in its reply brief.

Defendant's second argument is that the complaint fails to allege plaintiff is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation. I agree. The complaint describes plaintiff's long-term disability status beginning in 1994, as a result of the gunshot wounds, and continuing until the present day. Since 1994, plaintiff has also suffered a stroke. In light of these allegations and the

3

complaint's silence concerning plaintiff's ability to perform any essential functions of the job, I cannot conclude that plaintiff has sufficiently alleged a claim under the ADA. *See Bell Atl.*, 127 S. Ct. at 1968 (a complaint must do more that "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery") (alteration marks omitted).

Plaintiff's attempt to salvage this claim by relying on paragraph 33 of the complaint fails. Paragraph 33 provides that "[t]he denial of necessary medical treatment and medication has caused and continues to cause harm to [p]laintiff's physical health and safety and has a substantial and irreparable affect on his mental and emotional health." (Compl. at ¶ 33.) Once again, this allegation is silent as to plaintiff's qualified status. While this allegation provides that plaintiff has been denied medical treatment and medication, and suffered a harm as a result, it does not provide that with treatment or medication plaintiff would be qualified to perform the essential functions of the job. Accordingly, count I is dismissed.

B. Count III: Retaliation under the First Amendment.

Defendant next argues the complaint has failed to state a claim for retaliation under the First Amendment because the plaintiff's speech was not a matter of public concern. In order to state a § 1983 claim for retaliation in violation of the First

4

Amendment in the public employment context, plaintiff must allege: (1) he was engaged in constitutionally protected speech; (2) the protected speech was a motivating factor in the adverse employment action; and (3) the defendant cannot prove by a preponderance of the evidence that the same adverse employment action would have occurred absent the protected speech. *See Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004) (hereinafter "*Spiegla I*"). In determining whether the speech is protected, courts must first "inquire whether the employee spoke as a citizen on a matter of public concern." *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir. 2007) (hereinafter "*Spiegla II*") (quotation omitted). Only if the plaintiff was speaking as a citizen can courts inquire into the content of the speech. *Id*. (citation omitted).

Defendant does not dispute that plaintiff was speaking as a citizen, but takes issue with the content of plaintiff's speech as a private concern. Defendant also argues that because plaintiff's lawsuit involved the FOP, and not the City, it is not a matter of public concern. The complaint provides, however, that "[d]efendant intentionally retaliated against [p]laintiff for complaining about the misuse, mishandling, and inappropriate disbursement of millions of dollars of donations collected from the public on behalf of [p]laintiff and other disabled Chicago Police officers." (Compl. at ¶ 51.) The complaint also alleges that "[t]he FOP is the sole

5

and exclusive collective bargaining representative for all sworn Chicago Police Officers." (Compl. at ¶ 23.)

Taken in the best light to plaintiff, these allegations sufficiently allege that the subject of plaintiff's speech was a matter of public concern. It involves the "misuse, mishandling, and inappropriate disbursement of millions of dollars of donations collected from the public." (Compl. at ¶ 51.) Although the City may not have been a defendant in the FOP lawsuit, the complaint also provides that the "FOP is the sole and exclusive collective bargaining representative for all sworn Chicago Police Officers." (Compl. at ¶ 23.) This means that it affects all Chicago Police Officers, which are in the business of public service. Accordingly, the motion to dismiss count III is denied.

C. Count IV: Equal Protection.

Defendant first moves to dismiss count IV on the ground that it is a restatement of plaintiff's First Amendment retaliation claim. Plaintiff responds that this is a "class of one" Equal Protection claim. "Although the [Equal Protection] clause is more commonly invoked on behalf of a person who either belongs to a vulnerable minority or is harmed by an irrational difference in treatment, it can also be invoked . . . by a person who can prove that 'action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective.'" *Olech v. Vill. of*

6

*Willowbrook*, 160 F.3d 386, 387 (7th Cir. 1998) (quoting *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995)) *aff'd Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In order to state such a claim, a plaintiff must allege "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Vill. of Willowbrook*, 528 U.S. at 564 (citations omitted), or that defendant deliberately sought to deprive plaintiff of the equal protection of the laws "for reasons of a personal nature unrelated to the duties of the defendant's position." *Crowley v. McKinney*, 400 F.3d 965, 972 (7th Cir. 2005)

A First Amendment retaliation claim and an Equal Protection claim, even if based on the same facts, are distinct claims. Pleading a First Amendment retaliation claim does not bar plaintiff from pleading an Equal Protection claim as well. *See, e.g.*, *id.* at 972-73 (allowing First Amendment retaliation claim and "class of one" Equal Protection claim to proceed on the pleadings). Therefore, defendant's first argument fails.

Finally, defendant argues that plaintiff has pled himself out of court in light of the complaint's allegation that additional police officers who have filed suits have been denied medication. Specifically, defendant points to paragraph 61 of the complaint, which provides "[d]efendant has a pattern and practice of denying medical treatment to police officers and employees of the City of

7

Chicago Police Department who have filed lawsuits and charges of discrimination before the EEOC." (Compl. at ¶ 61.) Defendant's argument reads a "class of one" Equal Protection claim too literally, however. "Whether the complaint alleges a class of one or of five is of no consequence because we conclude that the number of individuals in a class is immaterial for [E]qual [P]rotection analysis." *Vill. of Willowbrook*, 528 U.S. at 564 n.1. Therefore, plaintiff has not pled himself out of court. In this case, plaintiff is bringing this claim on his own behalf and alleges defendant intentionally singled him out from other employees who had not filed lawsuits against the City. (Compl. at ¶¶ 59-64.) Taken in the best light to plaintiff, the allegations in the complaint sufficiently state a claim under a "class of one" Equal Protection theory. Accordingly, the motion to dismiss count IV is denied.

IV.

For the foregoing reasons, defendant's motion is granted in part and denied in part. The motion to dismiss is granted with respect to count I, which is dismissed, and denied with respect to counts III and IV.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 27, 2007